# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL G. ROBINSON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:21-CV-158-SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is movant Michael G. Robinson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Movant has filed a previous § 2255 motion that was denied on the merits, and he has not received authorization from the United States Court of Appeals for the Eighth Circuit to file a successive motion. Therefore, the Court will deny and dismiss the motion without further proceedings.

### Background

On June 9, 2015, movant pleaded guilty to being a felon in possession of a firearm. *United States v. Robinson*, No. 1:15-cr-50-SNLJ-1 (E.D. Mo. 2015). On November 10, 2015, he was sentenced to 120 months' imprisonment. He did not appeal.

On April 4, 2016, movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. *Robinson v. United States*, No. 1:16-cv-72-SNLJ (E.D. Mo. 2016). On August 29, 2016, the Court denied movant's motion without a hearing, and movant did not appeal. Movant subsequently filed two subsequent 28 U.S.C. § 2255 motions, both of which were denied and dismissed after the Court determined they were unauthorized successive motions. *See Robinson v. United States*, No. 1:19-cv-220-SNLJ (E.D. Mo. Dec. 2, 2019) and *Robinson v.*

*United States*, No. 1:20-cv-201-SNLJ (E.D. Mo. 2020). Movant filed the instant amended motion on November 22, 2021.

## Discussion

Because movant previously filed a § 2255 motion that was denied on the merits, the instant motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 and 2255. However, despite this Court's prior caution to movant, he does not aver, nor does independent inquiry show, that it has been certified by the United States Court of Appeals for the Eighth Circuit as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Under 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The requirement that prisoners obtain authorization from the Circuit Court before filing a second or successive petition in the District Court is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted). Accordingly, the instant

motion will be denied and dismissed without prejudice to refiling if, and when, movant obtains permission from the United States Court of Appeals for the Eighth Circuit to do so.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because movant has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate is **DENIED** and **DISMISSED**, without prejudice, because it is an unauthorized successive motion. *See* 28 U.S.C. § 2255(h). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability.

Dated this 16th day of February, 2022.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE